

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2899
Re: What mileage fee is due the sheriff
who apprehends a prisoner in a for-
eign county, serves the capias, and
returns the prisoner to his jail
when he travels to the place of ar-
rest in a State Ranger's car?

Your recent request for an opinion of this department,
upon the above stated question, has been received.

We quote from your letter as follows:

"Your opinion as to the mileage fee in the
following fact situation is respectfully requested:

"A sheriff of a fee county, working with a
state Ranger, apprehends a prisoner in a foreign
county. They travel to the place of arrest in the
Ranger's Department car. The sheriff serves the
capias and returns the prisoner to his jail.

"What mileage fee is due the sheriff as pro-
vided in Articles 1030 and 1032 CCP?"

You further inform us that in this particular case the
offense of burglary was committed in Fisher County, Texas, by
five persons and the Texas Rangers cooperating with the local
officials of Fisher County, "picked up" two of the offenders in
Dallas, Texas, at different times (two or three days apart). That
a Ranger from Dallas conveyed one party from Dallas to Mineral
Wells, Texas, where he was met by a Ranger from Fisher County
traveling in his car accompanied by a constable or deputy sheriff
of Fisher County and the party in custody of the Ranger from
Dallas was placed in the custody of the Ranger and Constable or
Deputy Sheriff from Fisher County who conveyed him to the count
jail of said county. The second transaction was identical with

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the first with the exception that the Ranger from Dallas conveyed the second party to Breckenridge, Texas, where he was placed in custody of the Ranger and constable or Deputy Sheriff of Fisher County, who took him to the county jail of Fisher County.

You further state that no question regarding fees for serving criminal process or making an arrest is involved in this request, but the only question involved is what mileage fee, if any, is due the sheriff, his deputy or the constable of Fisher County accompanying the State Ranger under the facts above stated.

Article 1030, Code of Criminal Procedure, authorizes and provides certain fees for sheriffs and constables performing the various duties enumerated therein.

Article 1032, Code of Criminal Procedure, provides:

"A sheriff shall not charge fees for arrests made by Rangers, or mileage for prisoners transported by Rangers, or mileage or other fees for transporting a witness under attachment issued from another county unless such witness refuses to give bail for his offense, or files an affidavit with such sheriff of his inability to give bail."

Statutes prescribing fees for public officers are strictly construed; hence a right to fees may not rest by implication. Where this right is left to construction the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary and the other not, the latter construction should be adopted. See the cases of McCalla vs. City of Rockdale, 246 S.W. 654; Eastland County vs. Haxel, 288 S.W. 518; Madden vs. Hardy, 50 S.W. 926.

The State Rangers are compensated by the state on a salary basis and are not entitled to any fee in addition to their salary for the performance of the services above mentioned.

In view of the foregoing authorities and under the above stated facts you are respectfully advised that it is the opinion of this department that the Sheriff or his deputy or the Constable, as the case may be, who was accompanying the

Honorable George H. Sheppard, Page 3

Ranger on the above mentioned trips is not entitled to any mileage fees whatsoever.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:db

APPROVED JAN 8, 1941

Gerald C. Mann /s/s/

ATTORNEY GENERAL OF TEXAS

WJF

APPROVED OPINION COMMITTEE

By ___BWB___
Chairman